UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

CARLOS E. MONASTERIOS,
and ADRIAN M. MONASTERIOS
and other similarly situated individuals,

     Plaintiffs

v.

UNLIMITED ELECTRICAL CONTRACTORS CORP.,
NASMAX BUILDERS LLC, NASMAX INC, and
MARIO E. DE PINHO, individually,

     Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs CARLOS E. MONASTERIOS, ADRIAN M. MONASTERIOS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants UNLIMITED ELECTRICAL CONTRACTORS CORP., NASMAX BUILDERS LLC, NASMAX INC, and MARIO E. DE PINHO, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum wages and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS are Broward County residents, Florida, within this Honorable Court jurisdiction. Plaintiffs are covered employees for purposes of the Act.

3. Corporate Defendant UNLIMITED ELECTRICAL CONTRACTORS CORP. (hereinafter UNLIMITED ELECTRICAL, or Defendant) is a Florida Corporation that performs business Dade County. At all times, Defendant was and is engaged in interstate commerce.

4. Corporate Defendants NASMAX BUILDERS LLC, and NASMAX INC, are Florida Corporations that perform business in Dade County. At all times, Defendants were and are engaged in interstate commerce.

5. The individual Defendant MARIO E. DE PINHO was and is now the owner and manager of NASMAX BUILDERS LLC and NASMAX INC.

6. Pursuant to 29 C.F.R. §791.2, Defendants UNLIMITED ELECTRICAL, NASMAX BUILDERS LLC, and NASMAX INC, (hereinafter collectively NASMAX, or Defendant) are joint employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. All the actions raised in this complaint took place in Dade County, Florida, within this Court's jurisdiction.

<u>GENERAL ALLEGATIONS</u>

8. This cause of action is brought by Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class")who were not paid regular wages, and who worked over forty (40) hours during one or more weeks on January 2021, (the "material time") without being adequately compensated.

9. Defendant UNLIMITED ELECTRICAL is a commercial electrical contractor general Contractor participating in the construction of the C.F. Brickell Hotel (hereinafter "the Project"), located at 110 SW 7 Street, Miami, Florida 33110.

10. Corporate Defendants NASMAX BUILDERS LLC and NASMAX INC are sisters companies owned by the same individual (hereinafter collectively NASMAX, or Defendant). NASMAX is participating in the construction of the Project as subcontractors of corporate Defendant UNLIMITED ELECTRICAL.

11. Pursuant 29 C.F.R. §791.2, UNLIMITED ELECTRICAL and NASMAX were joint employers of Plaintiffs because: 1) UNLIMITED ELECTRICAL and NASMAX through its managers, or agents had equal and absolute control over the Plaintiffs and all other employees similarly situated, working in the Project; 2) Supervisors of UNLIMITED ELECTRICAL and NASMAX directed, controlled, and supervised the work performed by Plaintiffs; 3) UNLIMITED ELECTRICAL and NASMAX through their supervisors, equally assigned duties to Plaintiffs and other employees similarly situated; 4) UNLIMITED ELECTRICAL and NASMAX through their managers, jointly and equally determined terms and employment conditions of Plaintiffs and other employees similarly situated; 4) The work of Plaintiffs simultaneously benefited the two corporations; 5) The work

performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of UNLIMITED ELECTRICAL and NASMAX.

12. Therefore, because the work performed by Plaintiffs and other similarly situated individuals simultaneously benefited all Defendants, and directly or indirectly furthered their joint interest, Defendants UNLIMITED ELECTRICAL and NASMAX are joint employers as defined in 29 C.F.R. §791.2. They are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

13. Defendants UNLIMITED ELECTRICAL and NASMAX hereinafter will be called collectively UNLIMITED ELECTRICAL, or corporate Defendant.

14. Defendant UNLIMITED ELECTRICAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an electrical contractor, working in the construction of facilities, providing services in the tourism and hotel industries. Consequently, Defendant's business activities affect interstate commerce. Defendant had more than two employees regularly engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

15. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of facilities

dedicated to providing services in interstate commerce. Therefore, there is FLSA individual coverage.

16. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO hired Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS as non-exempted, hourly employees from about January 07, 2021, to January 15, 2021, or 1 week plus two days.

17. Plaintiff CARLOS E. MONASTERIOS was hired as an electric technician, and his wage-rate was set up at $17.00 an hour. Plaintiff's overtime should be $25.50 an hour.

18. Plaintiff ADRIAN M. MONASTERIOS was hired as an electrician helper, and his wage-rate was set up at $13.00 an hour.  Plaintiff's overtime should be $19.50 an hour.

19. Plaintiffs worked in the construction of the C.F. Brickell Hotel Project located at 110 SW 7 Street, Miami, Florida 33110.

20. Defendants employed Plaintiffs and other similarly situated individuals and subjected all of them to the same employment practices. Defendants did not pay Plaintiffs and other similarly situated individuals regular and overtime wages.

21. While employed by Defendants, Plaintiffs worked five days per week, from Monday to Friday from 7:00 AM to 5:00 PM (10 hours daily), a total of 47.5 hours. Plaintiffs had deducted 30 minutes daily, or 2.5 hours weekly of lunch break (0.5 x 5 days=2.5 hours).

22. Plaintiffs worked for one week plus two days in the Project, but they did not receive their hard-earned wages.

23. Plaintiffs expected to be paid for their workweek on the payment day, Friday, February 15, 2021.  Plaintiffs did not receive their wages.

24. Plaintiffs requested their wages to manager Mario E. De Pinho.  The manager Mario E. De Pinho, refused to pay Plaintiffs for their work. Plaintiffs complained about the lack of payment, and as a result, the manager Mario E. De Pinho got very upset and fired them.

25. Plaintiff tried several times to collect their workweek unsuccessfully.

26. Defendants required Plaintiffs to work more than 40 hours every week.  However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were fired, and at the time of termination, Defendants did not pay Plaintiffs their regular wages and overtime hours at any rate, not even the minimum wage rate.

27. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

28. Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS seek to recover unpaid regular and overtime wages, retaliatory damages, liquidated damages, and any other relief as allowable by law.

30. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the

unlawful payroll practices and procedures of Defendants and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

31. Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS re-adopt every factual allegation stated in paragraphs 1-30 above as set out in full herein.

32. This action is brought by Plaintiffs and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendants UNLIMITED ELECTRICAL and NASMAX are joint employers as defined in 29 C.F.R. §791.2., and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

34. Defendants UNLIMITED ELECTRICAL and NASMAX hereinafter will be called collectively UNLIMITED ELECTRICAL or corporate Defendant.

35. Defendant UNLIMITED ELECTRICAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

36. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction/remodeling of facilities dedicated to interstate commerce services. Therefore, there is FLSA individual coverage.

37. Because of the foregoing, the Employer/Defendant UNLIMITED ELECTRICAL was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

38. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO hired Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS non-exempted, hourly employees from about January 07, 2021, to January 15, 2021, or 1 week plus two days.

39. Plaintiff CARLOS E. MONASTERIOS was hired as an electric technician, and his wage-rate was set up at $17.00 an hour. Plaintiff's overtime should be $25.50 an hour.

40. Plaintiff ADRIAN M. MONASTERIOS was hired as an electrician helper, and his wage-rate was set up at $13.00 an hour. Plaintiff's overtime should be $19.50 an hour.

41. While employed by Defendants, Plaintiffs worked five days per week, from Monday to Friday from 7:00 AM to 5:00 PM (10 hours daily), a total of 47.5 hours.

Plaintiffs had deducted 30 minutes daily, or 2.5 hours weekly of lunch break (0.5 x 5 days=2.5 hours).

42. Plaintiffs worked for one week plus two days at the Project, but they did not receive their hard-earned wages.

43. Defendants required Plaintiffs to work more than 40 hours every week.  However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were fired, and Defendants did not pay their regular wages and overtime hours at any rate, not even the minimum wage rate.

44. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

45. Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

46. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class upon information and belief.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

47. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and

minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

48. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO employed Plaintiffs for the following periods and owes them unpaid overtime wages as follows:

<u>1.- Overtime Claim of Plaintiff CARLOS E. MONASTERIOS</u>

49. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO employed Plaintiff CARLOS E. MONASTERIOS as a non-exempted electric technician from January 7, 2021, to January 15, 2021, or 1 week plus two days. Plaintiff's wage rate was $17.00 an hour. Plaintiff's overtime should be $25.50 an hour.

50. Plaintiff worked an average of 47.5 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

   a.  <u>Total amount of alleged unpaid wages</u>:

       One Hundred Ninety-One Dollars and 25/100 ($191.25)

   b.  <u>Calculation of such wages</u>:

       Total Period of Employment:  1 week, plus two days
       Total number of hours worked weekly:  47.5 hours weekly
       Total number of overtime hours:  7.5 O/T hours weekly
       Total number of unpaid overtime hours: 7.5 O/T hours weekly
       Regular rate:  $17.00 x hour x 1.5 = $25.50 O/T rate
       O/T rate: $25.50

       O/T rate $25.50 x 7.5 O/T hours=$191.25 weekly x 1 week=$191.25

   c.  <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents the unpaid overtime hours.


<u>2.- Overtime Claim of Plaintiff ADRIAN M. MONASTERIO</u>

51. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO employed

Plaintiff ADRIAN MONASTERIOS as a non-exempted electric technician helper

from January 7, 2021, to January 15, 2021, or 1 week plus two days. Plaintiff's

wage rate was $13.00 an hour. Plaintiff's overtime should be $19.50 an hour.

52. Plaintiff worked an average of 47.5 hours weekly, but he was not paid for all his

working hours. Defendants did not pay Plaintiff his overtime hours at the rate of

time and one-half his regular rate for every hour worked over 40, as established by

the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that
these figures could be subject to modification as new evidence could dictate.

   a.  <u>Total amount of alleged unpaid wages:</u>

      One Hundred Forty-Six Dollars and 25/100 ($146.25)

   b.  <u>Calculation of such wages:</u>

      Total Period of Employment:  1 week, plus two days
      Total number of hours worked weekly:  47.5 hours weekly
      Total number of overtime hours:  7.5 O/T hours weekly
      Total number of unpaid overtime hours: 7.5 O/T hours weekly
      Regular rate:  $13.00 x hour x 1.5 = $19.50 O/T rate
      O/T rate: $19.50

      O/T rate $19.50 x 7.5 O/T hours=$146.25 weekly x 1 week=$146.25

   c.  <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents the unpaid overtime hours.

53. At all times, the Employers/Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

54. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

55. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

56. At the time mentioned, individual Defendant MARIO E. DE PINHO was and is now the owner and managers of NASMAX. Defendant MARIO E. DE PINHO was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of NASMAX concerning its employees, including Plaintiffs and others similarly situated.  Defendant MARIO

E. DE PINHO had financial and operational control of the business, and he is jointly and severally liable for the Plaintiffs' damages.

57. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages.

58. Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS, and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS, and other similarly situated and against the Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

DEMAND FOR A JURY TRIAL

Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

59. Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS re-adopt every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

60. This action is brought by Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

61. Defendants UNLIMITED ELECTRICAL and NASMAX are joint employers as defined in 29 C.F.R. §791.2. and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

62. Defendants UNLIMITED ELECTRICAL and NASMAX hereinafter will be called collectively UNLIMITED ELECTRICAL or corporate Defendant.

63. Defendant UNLIMITED ELECTRICAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

64. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of facilities dedicated to providing services in interstate commerce. Therefore, there is FLSA individual coverage.

65. Because of the foregoing, the Employer/Defendant UNLIMITED ELECTRICAL was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

66. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO hired Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS as non-exempted, hourly employees from about January 07, 2021, to January 15, 2021, or 1 week plus two days.

67. Plaintiff CARLOS E. MONASTERIOS was hired as an electric technician, and his wage-rate was set up at $17.00 an hour. Plaintiff's overtime should be $25.50 an hour.

68. Plaintiff ADRIAN M. MONASTERIOS was hired as an electrician helper, and his wage-rate was set up at $13.00 an hour.  Plaintiff's overtime should be $19.50 an hour.

69. While employed by Defendants, Plaintiffs worked five days per week, from Monday to Friday, a total of 47.5 hours. Plaintiffs had deducted 30 minutes daily, or 2.5 hours weekly of lunch break (0.5 x 5 days=2.5 hours).

70. Plaintiffs worked for one week plus two days at the Project, but they did not receive their hard-earned wages.

71. Defendants required Plaintiffs to work more than 40 hours every week.  However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were fired, and Defendants did not pay their regular wages. There are many hours that were not paid at any rate, not even the minimum wage rate.

72. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

73. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of the Fair Labor Standards Act.

74. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class upon information and belief.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

75. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and

minimum wage payments. Defendants violated the Posting requirements of 29

U.S.C. § 516.4.

76. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO employed

Plaintiffs for the following periods and owes them minimum wages as follows:

<u>1.- Minimum wages of Plaintiff CARLOS E. MONASTERIOS</u>

77. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO employed

Plaintiff CARLOS E. MONASTERIOS as a non-exempted electric technician from

January 7, 2021, to January 15, 2021, or 1 week plus two days. Plaintiff's wage rate

was $17.00 an hour.

78. Plaintiff worked an average of 47.5 hours weekly, but he was not paid for all his

working hours, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that
these figures could be subject to modification as new evidence could dictate.
 * Florida's minimum wage for 2021 is $8.65, which is higher than the Federal
minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

    Five Hundred Nineteen Dollars and 00/100 ($519.00)

   b. <u>Calculation of such wages</u>:

    Total Period of Employment:  1 week, plus two days
    Total number of hours worked weekly:  47.5 hours weekly
    Total number of unpaid weeks:  1 week plus two days
    Regular rate:  $17.00 an hour
    Fl. Minimum wage rate: $8.65 an hour

    1.- FL min. wage $8.65 x 40 hours=$346.00 weekly x 1 week=$346.00
    2.- FL min. wage $8.65 x 20 hours (2 days of work) =$173.00

    Total #1, and #2: $519.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents the regular unpaid wages at the Florida min, wage rate.

### 2.- Minimum wages of Plaintiff ADRIAN M. MONASTERIOS

79. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO employed Plaintiff CARLOS E. MONASTERIOS as a non-exempted electric technician helper from January 7, 2021, to January 15, 2021, or 1 week plus two days. Plaintiff's wage rate was $13.00 an hour.

80. Plaintiff worked an average of 47.5 hours weekly, but he was not paid for all his working hours, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.
 * Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a.  Total amount of alleged unpaid wages:

     Five Hundred Nineteen Dollars and 00/100 ($519.00)

   b.  Calculation of such wages:

     Total Period of Employment:  1 week, plus two days
     Total number of hours worked weekly:  47.5 hours weekly
     Total number of unpaid weeks:  1 week plus two days
     Regular rate:  $13.00 an hour
     Fl. Minimum wage rate: $8.65 an hour

     1.- FL min. wage $8.65 x 40 hours=$346.00 weekly x 1 week=$346.00
     2.- FL min. wage $8.65 x 20 hours (2 days of work) =$173.00

     Total #1, and #2: $519.00

   c.  Nature of wages (e.g., overtime or straight time):

     This amount represents the regular unpaid wages at Florida min, wage rate.

81. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO unlawfully failed to pay minimum wages to Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS.

82. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs" employment with Defendants as set forth above. Plaintiffs are entitled to recover double damages.

83. At the time mentioned, individual Defendant MARIO E. DE PINHO was and is now the owner and managers of NASMAX. Defendant MARIO E. DE PINHO was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of NASMAX concerning its employees, including Plaintiffs and others similarly situated.  Defendant MARIO E. DE PINHO had financial and operational control of the business, and he is jointly and severally liable for the Plaintiffs' damages.

84. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO willfully and intentionally refused to pay Plaintiffs minimum wages as required by the United States law and remain owing Plaintiffs these minimum wages as set forth above.

85. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS, and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT III</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS</u>**

86. Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS re-adopt every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

87. Defendants UNLIMITED ELECTRICAL and NASMAX are joint employers as defined in 29 C.F.R. §791.2., and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

88. Defendant UNLIMITED ELECTRICAL and NASMAX hereinafter will be called collectively UNLIMITED ELECTRICAL or corporate Defendant.

89. Defendant UNLIMITED ELECTRICAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

90. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of facilities dedicated to providing services in interstate commerce. Therefore, there is FLSA individual coverage.

91. Because of the foregoing, the Employer/Defendant UNLIMITED ELECTRICAL was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

92. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

93. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

94. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Chapter".

95. Defendants UNLIMITED ELECTRICAL and MARIO E. DE PINHO hired Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS as non-exempted, hourly employees from about January 07, 2021, to January 15, 2021, or 1 week plus two days.

96. Plaintiff CARLOS E. MONASTERIOS was hired as an electric technician, and his wage-rate was set up at $17.00 an hour. Plaintiff's overtime should be $25.50 an hour.

97. Plaintiff ADRIAN M. MONASTERIOS was hired as an electrician helper, and his wage-rate was set up at $13.00 an hour. Plaintiff's overtime should be $19.50 an hour.

98. While employed by Defendants, Plaintiffs worked five days per week, from Monday to Friday, a total of 47.5 hours.

99. Plaintiffs worked for 1 week plus two days in the Project, but they did not receive their hard-earned wages.

100.    Plaintiffs expected to be paid for their workweek on the payment day, Friday, February 15, 2021. However, Plaintiffs did not receive their wages.

101.    Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

102.    Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

103.     Plaintiffs requested to be paid to manager Mario E. De Pinho.  The manager Mario E. De Pinho, refused to pay Plaintiffs for their work.

104.     Plaintiffs protested and complained about the lack of payment with the manager.

105.     This complaint constitutes protected activity under 29 U.S.C. 215(a)(3).

106.      As a result of Plaintiffs' complaints, the manager Mario E. De Pinho got very upset and fired Plaintiffs without paying them their wages.

107.     At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful retaliation to discharge Plaintiffs.

108.     At the time mentioned, individual Defendant MARIO E. DE PINHO was and is now the owner and managers of NASMAX. Defendant MARIO E. DE PINHO was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of NASMAX concerning its employees, including Plaintiffs and others similarly situated.   Defendant MARIO E. DE PINHO had financial and operational control of the business, and he is jointly and severally liable for the Plaintiffs' damages.

109.     The motivating factor which caused the Plaintiffs' discharge as described above was their complaints seeking unpaid regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been discharged but for their complaints about unpaid regular and overtime wages.

110.     Defendants' discharge of the Plaintiffs was in direct violation of 29 U.S.C.

215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

111.     Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M.

MONASTERIOS have retained the law offices of the undersigned attorney to

represent them in this action, and they are obligated to pay reasonable attorney's

fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M.

MONASTERIOS respectfully requests that this Honorable Court:

A.   Enter judgment against the Defendants UNLIMITED ELECTRICAL and MARIO

E. DE PINHO that Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M.

MONASTERIOS recover compensatory damages, and an equal amount of

liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B.   That Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses.

C.   Order the Defendants to make whole the Plaintiffs by providing appropriate back

pay and other benefits wrongly denied in an amount to be shown at trial and other

affirmative relief;

D.   Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS

further pray for such additional relief as the interests of justice may require.

## DEMAND FOR A JURY TRIAL

Plaintiffs CARLOS E. MONASTERIOS and ADRIAN M. MONASTERIOS demand trial

by a jury of all issues triable as of right by a jury.

 Dated:  March 22, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*